UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:05CV-P38-H

**JAMES R. HAZELWOOD**                                                  **PETITIONER**

**v.**

**THOMAS DAILEY, WARDEN**                                   **RESPONDENT**

**MEMORANDUM OPINION**

The petitioner, James Hazelwood, filed this action pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief. By prior order, this court directed him to show cause why his petition should not be dismissed as untimely (DN 12), but he failed to respond to this court's order. For the reasons that follow, this court will deny the petition and dismiss this case.

I.

The procedural and factual history involving the petitioner's conviction and sentence, and challenges thereto, is set forth clearly in the prior order. Therefore, this court will provide a brief summary only. The petitioner's conviction and sentence became final for purpose of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") on August 18, 1999 at which point the AEDPA's one-year statute of limitations period began to run. 28 U.S.C. § 2244(d)(1)(A). On December 19, 1999, the petitioner filed a postconviction motion, which tolled the statute of limitations. § 2244(d)(2). The limitations period began to run a second time on March 7, 2001, at the completion of his postconviction challenge. The one-year time frame expired on November 5, 2001, without the petitioner's seeking habeas relief in this court. In

fact, he did not file his federal habeas petition until January 19, 2005, the date on which he mailed his petition to this court.[1] Accordingly, it is time-barred and must be dismissed.

II.

In the event that the petitioner appeals this court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002) ("Whether the district judge determines to issue a COA along with the denial of a writ of habeas corpus or upon the filing of a notice of appeal, the district judge is always required to comply with § 2253(c)(2) & (3) by 'indicat[ing] which specific issue or issues satisfy the showing required,' 28 U.S.C. § 2253(c)(3), *i.e.*, a 'substantial showing of the denial of a constitutional right.' 28 U.S.C. § 2253(c)(2).").

When a district court denies such a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Slack*, 529

---

[1] Under the mailbox rule, the petition is deemed filed when presented to prison officials for mailing. *Miller v. Collins,* 305 F.3d 491, 497-498 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988).

2

U.S. at 484.  In such a case, no appeal is warranted.  *Id.*  This court is satisfied that no jurists of reason could find its procedural ruling to be debatable.  Thus, no certificate of appealability is warranted in this case.

By separate order, this court will dismiss the petitioner's habeas application.

Date:

cc:     Petitioner *pro se*
        4412.002